State *ex rel* WILLIAM W. DOWTIN v. GRANT BEARDSLEY.

(Decided March 13, 1900.)

*Quo Warranto—Title to Office of Superintendent of Roads of Warren County—Two Offices—Constitution, Article XIV, Section 7—Acts 1895, Chapter 449—1897, Chapter 93—1899, Chapter 581.*

1. One man may not hold two offices under Constitution, Art. XIV, sec. 7.

2. The Legislature may attach additional duties to an existing office, and it may afterwards lop off those duties and assign them to a new office, leaving the original office as it was before the additional duties were attached to it.

3. Where the Legislature by Acts of 1895 and 1897 enacted that the County Surveyor of Warren County should be *ex officio* supervisor of the highways of said county and designated duties, and provided for compensation, but afterwards by Act of 1899, created a separate office, that of Superintendent of Roads of Warren County, and assigned to him the additional duties, leaving the original office of County Surveyor untouched, the County Surveyor must acquiesce, and not claim both offices.

CIVIL ACTION, in the nature of *quo warranto,* to try the title of defendant to the office of Superintendent of Roads of Warren County, tried before *Bowman, J.,* at September Term, 1899, of the Superior Court of WARREN County.

The plaintiff, who is the County Surveyor of Warren County, claimed *ex officio* the office of Superintendent of Roads as an attachment to his office, by virtue of the Acts of 1895, chap. 449, and 1897, chap. 93, which attached the duties and emoluments of supervising the public roads and bridges of the county to the office of the County Surveyor. He also claimed that he was ousted under protest.

The defendant claimed the office by virtue of the Act of 1899, chap. 581, which established it as a separate and independent office, and assigned to it the duties which the previous acts had attached to the office of County Surveyor. He also claimed that he had been duly appointed thereto by the County Commissioners, the appointing power, and was discharging its duties.

Immaterial issues were passed on by the jury, and the case resolved itself into the question which was entitled under the statutes cited.

Judgment was rendered in favor of the plaintiff, and defendant excepted and appealed.

*Messrs. Pittman & Kerr,* for appellant.
*Messrs. Cook & Green,* and *T. N. Hill,* for appellee.

CLARK, J. The Acts of 1895, chap. 449, and 1897, chap. 93, imposed the duty of road supervision in Warren County upon the County Surveyor. The Act of 1899, chap. 581, established a new system of road construction and supervision, general in its character, and embracing many counties,

among them Warren County. It created for each of the counties embraced in the act the new office of Superintendent of Roads.

The plaintiff, County Surveyor, who has been discharging the additional functions of supervisor of roads, contends that the defendant, who has been elected Superintendent of Roads, is exercising a part of his office, and receiving emoluments to which he is entitled.

When, under the Acts of 1895 and 1897, the duties of road supervision (under the system then in force) were laid upon the County Surveyor, there was no office of Supervisor of Roads created, for, if so, the County Surveyor could not have taken it. He could not fill two offices. Constitution, Art. XIV, sec. 7. The acceptance of the second office would vacate the first. The duties of road supervision were simply duties temporarily annexed to the office of County Surveyor, and which the Legislature could take away at will. When in its wisdom it saw fit to establish a new system of road supervision with wider powers, requiring the entire attention of one person, and the creation of an office for the purpose, the Legislature could not be hindered in the discharge of that essentially governmental function by the fact that a previous Legislature, under a less extensive system of road management, had given its supervision to the County Surveyor.

With these duties attached by former Legislatures lopped off, the plaintiff still remains County Surveyor, with every duty and every right belonging to that office untouched. It does not appear in the record how much emolument the additional duties of road supervisor brought to the County Surveyor. It is found by the jury that the office of County Surveyor per se is worth but $5 per annum, and that the new office of "Superintendent of Roads," with its broader duties,

and presumably increased emoluments, is worth $406. Doubtless the incidental duties of road supervision of the old system cast upon the County Surveyor were worth much less, but whatever the amount of compensation the duties were merely incidental and no part of the office of County Surveyor, and when taken off in the establishment of a new system of roads he is still County Surveyor, with all the functions and emoluments of that office undiminished.

"Upon the admissions in the pleadings and issues found by the jury," the Court below rendered judgment for the plaintiff. The issues were as to immaterial matters, not affecting the rights of the parties. Upon the admissions in the pleadings, judgment should be entered for the defendant.

Reversed.